## Carter v. Carter.

*Husband and wife—Gift—Deed in wife's name—Presumption—Trust—Evidence.*

Even where a husband buys real estate and has the deed made to his wife, the legal presumption is that a gift was intended; and when the husband subsequently alleges a trust in his favor, he must, in order to rebut the presumption, prove by clear, explicit and unequivocal evidence, not only the fact of payment of purchase money by him, but all the essential requisites of the alleged trust.

Bill to have trust declared. C. P. Fayette Co., No. 1137, in Equity.

*George Patterson* and *J. W. Dawson*, for plaintiff.

*Brownfield & McDaniel*, for defendant.

VAN SWEARINGEN, P. J., Oct. 28, 1924.—This case is before the court to require the filing of a declaration of trust by Catherine Emily Carter in favor

Carter v. Carter.

of her husband, Robert Pearson Carter. The bill is by the husband, and alleges that on March 29, 1905, the plaintiff purchased from Mary K. Coffey, per attorney, two certain lots of ground, situate at the northeast corner of Coffey Street and North Gallatin Avenue, in North Union Township, Fayette County, being lots Nos. 90 and 91 in plan of lots laid out by Mary K. Coffey, and recorded in Plan Book No. 1, page 131, included in what is now the City of Uniontown, which deed was recorded April 1, 1905, in the Recorder's Office of Fayette County, in Deed Book No. 239, page 183, excepting and reserving the nine-foot vein of coal, with the mining rights and privileges, and subject to the other conditions specified in said deed and set forth in the bill. From the bill and answer and the evidence offered we find the material facts to be as follows:

1. The deed for the property was taken in the name of Catherine E. Carter, and was absolute in form.

2. The negotiations for the purchase of the property were conducted wholly by the said Catherine E. Carter.

3. The purchase money used in paying for the property and for all the improvements afterwards made thereon was of funds belonging solely to Catherine E. Carter.

4. The plaintiff, Robert Pearson Carter, had nothing to do with the negotiations for the purchase of said property. He owned no part of the purchase money with which it was paid for, or of the cost and expenses of the improvements afterwards made thereon. There was no agreement or understanding between the plaintiff and the defendant, at the time of the purchase or theretofore or thereafter, that the property was to be held by the defendant in trust for the plaintiff.

5. The deed for the property taken and held in the name of Catherine E. Carter, dated March 29, 1905, was recorded in Recorder's Office of Fayette County on April 1, 1905, in Deed Book No. 239, page 183, and ever since that date until the filing of the bill in this case on July 27, 1923, remained unchallenged and undisturbed.

6. The said defendant, Catherine E. Carter, is the sole owner of said property, and the plaintiff, Robert Pearson Carter, has no title or interest, either legal or equitable, therein.

7. The title to the property is wholly in the defendant, Catherine E. Carter, not subject to any trust whatsoever, and the making of the deed in her name was for the reason that she was the sole purchaser, and that the purchase was made by her with her separate and individual funds.

8. Following the purchase of this property by the defendant and the building of a dwelling-house thereon, the defendant and her husband and their children moved into the house and continued to reside there until about the time of the commencement of these proceedings, when disagreements arose.

We, therefore, reach the following conclusions of law:

1. Even where a husband buys real estate and has the deed made to his wife, the legal presumption is that a gift was intended; and when the husband subsequently alleges a trust in his favor, he must, in order to rebut the presumption, prove by clear, explicit and unequivocal evidence, not only the fact of payment of purchase money by him, but all the essential requisites of the alleged trust.

2. He who alleges a trust contrary to the wording of a deed takes the burden of establishing it, and all the essential requisites of such trust must be shown by clear, explicit and unequivocal proof.

Carter v. Carter.

3. The evidence in this case is not sufficient to support the plaintiff's claim.

4. In any event, the plaintiff's claim is barred by section 6 of the Act of April 22, 1856, P. L. 532.

And now, Oct. 28, 1924, plaintiff's bill is dismissed, at plaintiff's cost.

From Luke H. Frasher, Uniontown, Pa.

NOTE.—Syllabus by the Court.